UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Dwight Xavier Jones, *a/k/a* Dwight X. Jones, *a/k/a* Dwight Jones, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Lexington County Detention Center and Officer Sawyer, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.: 5:22-cv-3496-RBH <br><br><br><br> **ORDER** |

This matter is before the Court on Plaintiff Dwight Xavier Jones's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing this action with prejudice and without issuance and service of process for failure to state a claim.[1]  *See* ECF Nos. 19 & 22.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1]  The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's *pro se* filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**

Plaintiff filed his amended complaint pursuant to 42 U.S.C. § 1983 against Lexington County Detention Center and Officer Sawyer alleging Officer Sawyer denied him access to the courts by leaving mail Plaintiff was attempting to send to the courts in the door all morning. *See* ECF No. 13 at pp. 5 & 7. The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint because (1) Lexington County Detention Center is not a "person" amenable to suit under § 1983 and (2) Plaintiff has not stated a constitutional claim for denial of meaningful access to the courts because he has not alleged an injury.

Plaintiff filed objections to the R&R, but he does not address the Magistrate Judge's conclusions above. Thus, the Court need only review the Magistrate Judge's recommendation for clear error, and the Court's review of the R & R reveals no clear error in its analysis. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the Magistrate Judge's R & R for clear error in the absence of specific objections); s*ee also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object

2

to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 19] and **DISMISSES** this action *with prejudice*, without further leave to amend,[2] and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina  
January 11, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[2] The dismissal is without further leave to amend, as Plaintiff has already been given the opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

3